IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC PERTH,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS DAVIS and SUE ANN DAVIS,<br><br>    Defendants. | No. CV 08-03115 CRB<br><br>**ORDER GRANTING MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND TO COMPEL ENFORCEMENT OF SETTLEMENT** |

Plaintiff's Motion to Reopen Administratively Closed Case and to Compel Enforcement of Settlement came before the Court for a hearing on December 11, 2009. Having considered the papers submitted in connection with this motion and the arguments of counsel at the hearing, the Court hereby GRANTS Plaintiff's motion.

**I. BACKGROUND**

Plaintiff John Eric Perth brought suit in June 2008 against Defendants Luis and Sue Ann Davis for breach of contract, conversion, and related claims in connection with Defendant Luis Davis's alleged misconduct with $1.1 million of Plaintiff's funds. Mot. at 2. At the time of the dispute, the parties had had a thirty year relationship. Opp. at 4. That relationship involved Entre International, Inc., of which Plaintiff was a 15% shareholder, and Defendant Luis Davis was its President and CEO. Id. at 3.

In April 2009, this Court granted partial summary judgment in favor of Plaintiff. Mot.

1 at 3. Shortly thereafter, the parties engaged in mediation, and reached a settlement

2 memorialized in a Memorandum of Settlement ("MOS"). Id. The MOS, which was signed

3 by all of the parties, stated the following:

4 • Defendants were to pay Plaintiff $225,000 on the following schedule: $75,000 by October 24, 2009; $75,000 by April 24, 2010; $75,000 by October 24, 2010. Perth Decl. Ex. A ¶ 1.

6 • Defendants were to provide a full release of all claims against Plaintiff. Id. ¶ 2.

7 • Upon full payment, Plaintiff was to provide a general release to Defendants. Id. ¶ 4.

8 • The parties agreed that the material terms of the settlement were included in the MOS, that they intended to more fully describe and finalize the material terms in a subsequent agreement, but that "[i]n the event no such Settlement Agreement is signed, [the MOS] shall be treated as a valid and enforceable settlement contract." Id. ¶ 10.

11 Following the settlement, the parties submitted a notice of settlement and joint request to stay

12 the action. Mot. at 2. The Court administratively closed the case. Id.

13 No agreement was ever finalized. Mot. at 4-5; Sawyer Decl. at Ex. A-E. In a late

14 September 2009 letter, Plaintiff's counsel reminded Defendants' counsel that under the

15 MOS, the first payment under the settlement would be due on October 24, 2009. Sawyer

16 Decl. Ex. E. Counsel further stated that under the MOS, if the parties did not sign a final

17 Settlement Agreement, the MOS would bind the parties; thus, "the lack of a signed

18 settlement agreement will not forestall the October 24 due date." Id. On October 24, 2009,

19 Defendants' counsel responded, "My clients need to rework the payment schedule to allow

20 for payments commencing April 24, 2011." Sawyer Decl. Ex. F. Defendants confirmed at

21 the motion hearing that they have not made any payments to Plaintiff under the MOS.

22 Plaintiff has filed this Motion asking the Court to reopen the case and enforce the

23 settlement. He requests that the Court award him the entire amount of the settlement,

24 $225,000, or, in the alternative, the first payment of $75,000, and specific performance of the

25 second and third $75,000 payments. Mot. at 1.

26 **II. DISCUSSION**

27 There is no dispute over the Court's jurisdiction, over the application of California

28 law, or over Plaintiff's interpretation of the MOS.

2

Defendants argue only that they should be permitted to rescind the contract because their consent was given by mistake. Opp. at 5. According to Defendants, Defendant Luis Davis believed that Plaintiff "was willing and interested in continuing to communicate with Mr. Davis to develop business opportunities for Entre International Inc." Id. at 6. Defendants assert that "[h]ad Mr. Davis known [Plaintiff] would not communicate with him to allow Entre to pursue [a particular] business opportunity . . . he would not have entered into the contract." Id. at 4. Defendant Luis Davis's belief was based not on anything Plaintiff said to him, but on the parties' thirty year relationship leading up to the litigation, and on an intellectual property agreement signed in 2006. Id. at 6; Davis Decl. ¶ 3.

### 1.     Rescission Based on Unilateral Mistake

Although contracts may sometimes be rescinded based on unilateral mistake, Donovan v. RRL Corp., 26 Cal. 4th 261, 282 (2001), the circumstances for doing so are not present here. As an initial matter, California law allows for a contract to be rescinded if consent was given by mistake, but the only qualifying mistakes of fact are those as to "a fact past or present," or "the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." Cal. Civ. Code §§ 1689, 1577. A mistaken belief about a future occurrence will not suffice. See Mosher v. Mayacamas Corp., 215 Cal. App. 3d 1, 5 (1989) (belief rendered mistaken by subsequent events is not a mistake of fact under § 1577); see also YTY Indus. SDN. BDH. v. Dow Chemical Co., No. 05-8881, 2009 WL 3633871 at 23 (C.D. Cal. Oct. 28, 2009) ("the mistake that YTY really complains of is that the business did not succeed . . . . [t]his, however, does not justify rescission"). Defendant Luis Davis's belief that the business deal would take place, and succeed, is precisely the kind of mistaken belief about a future occurrence that the statute does not cover.

Even if Davis's belief could constitute a mistake of past or present fact, Defendants would still need to establish that: (1) they made a mistake as to a basic assumption upon which they made the contract; (2) the mistake has a material effect on the agreed exchange of performances, which is adverse to Defendants; (3) Defendants do not bear the risk of the

1  mistake; and (4) due to the mistake, enforcement of the contract would be unconscionable.
2  See Donovan, 26 Cal. 4th at 282.

3       Defendants argue that the mistake is material, because there is a lucrative business
4  deal that cannot go forward without assent from Plaintiff, and Defendants expected to fund
5  the settlement with proceeds from the deal.  Opp. at 6.  But the MOS states that "the material
6  terms of the settlement are set forth herein" and mentions nothing about either the specific
7  business deal, or the general notion that Plaintiff would continue to do business with
8  Defendant Luis Davis.  See Perth Ex. A at ¶ 10.  Nor does the MOS state that the money to
9  be paid to Plaintiff would come from future business dealings between the parties.
10  Defendant's mistake should not have a material effect on the agreed exchange of
11  performances.

12       Defendants also argue that they did not bear the risk of the mistake.  Opp. at 6.  But
13  even Defendants state that "A contracting party bears the risk of mistake when the agreement
14  so provides or when the party is aware of having only limited knowledge of the facts relating
15  to the subject matter but treats this limited knowledge as sufficient."  Opp. at 7.  Defendant
16  Luis Davis had only limited knowledge– his own desire for a continuing business
17  relationship with Plaintiff.  Even if Defendant believed, based on the parties' thirty year
18  relationship and in spite of the lawsuit that had just taken place, that Perth had a similar
19  desire,[1] Defendant had to have been aware that his knowledge was limited.  He could not
20  have counted on the success of the future business deal with Entre.  Yet he treated his limited
21  knowledge as sufficient.

22       Finally Defendants argue that enforcement of the MOS would be unconscionable, as
23  the payments were scheduled "to allow the business opportunity to ripen," and that, without
24  the deal, "Davis has no resources to satisfy his obligations under the [MOS]."  Opp. at 7.
25  Defendants also argue that they had a "very very solid defense to the subject litigation."  Id.
26  But nowhere does the MOS state that the payment schedule was designed to coincide with

---

[1] Defendants argue that "based on the length of the relationship, Perth had a duty to come forward at the mediation and advise of his unwillingness to continue business matters."  Opp. at 7. Defendants provide no support for this statement.

4

the ripened business deal. Also, Defendants' defense to the litigation is irrelevant; they chose to settle it.

Most importantly, Defendant's inability to make the payments does not make the MOS unconscionable. A contract must be both procedurally and substantively unconscionable in order for a court to invalidate it. Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 480 (2006). Procedural unconscionability involves oppression and surprise. Id. Defendants do not even assert either, and neither is apparent to the Court. Substantive unconscionability involves whether the terms of the agreement are unfairly one-sided; to be unconscionable, "a contractual provision must shock the conscience." Id. at 480-81. Nothing in the MOS approaches this high standard.

Because Defendants have failed to prove a unilateral mistake of fact that is cognizable under California law, they cannot rescind the contract, and it must be enforced.

2. The Award

Plaintiff argues that "[u]nder the doctrine of anticipatory breach, where a party to a contract evidences a clear intent not to fulfill its obligations, the other party is entitled to pursue remedies for breach immediately." Mot. at 6 (citing Howard S. Wright Constr. Co. v. BBIC Investors, LLC, 136 Cal. App. 4th 228, 243 (2006). See also 3 Witkin, Cal. Proc. 5th (2008) § 527 ("Where the defendant commits an anticipatory breach, the injured party may elect to sue at once, or to wait until the time when performance is due"). Defendants apparently do not oppose this argument. Moreover, Defendants represented through counsel in October 2009 that Defendants "need to rework the payment schedule to allow for payments commencing April 24, 2011," Sawyer Decl. Ex. F, and then reiterated in their briefing that without the deal, "Davis has no resources to satisfy his obligations under the [MOS]," Opp. at 7.

Because Defendants have anticipatorily breached the contract, Plaintiff is awarded the entire $225,000.

Finally, Defendants argue that if the Court enforces the judgment, it should do so against Defendant Luis Davis only, as the MOS "clearly acknowledges that Plaintiff had no

5

claims against Mrs. Davis" and even contains an apology from Plaintiff to Mrs. Davis. Opp. at 8. This argument lacks merit. The MOS states that "Lord Perth apologizes and accepts that S.A. Davis did not knowingly take or use his money." Perth Decl. Ex. A at 1. Nonetheless, the MOS required all Defendants to pay Plaintiff, and all Defendants signed it. There is no basis for reading the MOS as excluding Defendant Sue Ann Perth.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion and awards the full amount of the settlement, $225,000, against all of the Defendants.

**IT IS SO ORDERED.**

Dated: December 14, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE